[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION TO IMPLEAD THIRD PARTY
CT Page 1208
The plaintiff Karla Michna commenced this dissolution action by complaint dated January 6, 1998 with a return date of January 27, 1998.
The defendant through motion dated January 25, 1999 seeks approval to serve a third party writ summons and complaint upon the plaintiff's sister Karen A. Kozlak. In his proposed third party complaint, the defendant alleges in relevant part:
 3. On January 6, 1998, the plaintiff quit claimed her interest in property located at 147 Funston Avenue, Torrington, Connecticut, for less than adequate consideration, to her sister, the third-party defendant, Karen A. Koslak, in a deed prepared by her counsel in the divorce action.
 4. The plaintiff quit claimed her interest in 147 Funston Avenue, Torrington, Connecticut, with the intent to prevent the third-party plaintiff from making a claim on said property as a marital asset, thereby defrauding the third-party plaintiff.
The defendant represents in his January 8, 1999 memorandum that the property was previously owned by the plaintiff and her sister. He contends that during the course of the marriage the defendant "performed repairs, maintenance and improvements, and expended sums of money in the betterment of same. Further, the Michnas' claimed rental income from the premises on their Federal Income Tax Returns for the years 1995, 1996, and 1997." p. 1.
The defendant alleges that the conveyance was made without appropriate consideration and in contemplation of the plaintiff' s filing for divorce with the intent to place the property beyond the reach of the defendant and the court's jurisdiction to include it with the equitable distribution of the marital assets. The defendant seeks a court order setting aside the conveyance.
The plaintiff objects to the motion claiming that: (a) the defendant failed to properly allege a cause of action for a fraudulent conveyance; (b) third party practice is not permitted in dissolution actions. Unless the property is fraudulently conveyed and the complaining party seeks possession of it, as CT Page 1209 opposed to bringing it within the jurisdiction of the court for an equitable distribution of marital assets; (c) it would result in a delay of the proceedings.
Connecticut Practice Book § 10-11(a) provides in pertinent part: "[a] motion may be filed at any time before trial and such permission may be granted by the judicial authority if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action or work an injustice upon the plaintiff or the party sought to be impleaded." InGaudio v. Gaudio, 23 Conn. App. 287, 293 (1990) the court adopted the "prevailing view in the majority of other jurisdictions . . . that a third person with a claimed interest in property that is the subject of a dissolution action may properly be joined as a party. That rule holds that although the spouses are ordinarily the only proper parties to a dissolution action, joinder or intervention of third parties is permissible where third parties claim an interest in property involved in the proceedings."
The court, after consideration of the positions of the parties and the relevant law, finds that the defendant asserts a requisite interest in the property by virtue of it being an alleged marital asset which he has repaired, maintained and improved. This asset which, if proven may be considered by the court in ordering an equitable distribution of the martial estate. If the defendant has failed to allege in his third party complaint a cause of action for fraudulent conveyance this is properly addressed through a Motion to Strike.
Finally, although the motion has been brought approximately one year after the commencement of the action the case is not currently scheduled for trial. The court believes that the motion will not unduly delay the trial or work an injustice upon the plaintiff or the third party. Rather it will facilitate an efficient use of judicial resources and grant complete relief in a single proceeding.
Accordingly, for the aforementioned reasons, the defendant's motion is granted.
BY THE COURT
_________________________ PETER EMMETT WIESE, JUDGE CT Page 1210